Entered: April 28th, 2025
Signed: April 25th, 2025
**SO ORDERED**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

In Re:   Francisco Chavarria                     Case No. 24-18639
                                                 Chapter 13

*LORI S. SIMPSON*
*U.S. BANKRUPTCY JUDGE*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PHH Mortgage Corporation, Movant (Ocwen
Loan Servicing, LLC), Servicer

vs.

Francisco Chavarria, Debtor
                Respondent(s)

### AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

The Movant, PHH Mortgage Corporation, Movant (Ocwen Loan Servicing, LLC), Servicer by its attorney, A. Wayne Hood, Esq., and the Debtors, Francisco Chavarria by their attorney, Bennie Brooks, do hereby consent to the following:

1. The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated. Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

2. The Debtor(s) shall cure the post-petition arrears due of approximately $3,408.24, which includes two (2) payments, each in the amount of $1,810.10, representing the months of March 2025 through April 2025; attorney fees and costs in the amount for $1,549.00; and less suspense in the amount of $1,760.96 by filing an amended/modified chapter 13 plan to provide for payment of same in addition to Movant's pre-petition claim of arrears. The modified plan shall be filed with the court within 21 days of the date of entry of this Order and confirmed within a reasonable time thereafter. Failure to timely amend/modify and confirm the chapter 13 plan shall be an event of default herein. The Debtor agrees that the Movant may file an amended Proof of Claim to include the aforementioned post-petition arrears.

3. Commencing, in **May 2025** the Debtor(s) shall resume making the regular monthly payments of $1,810.10 or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust. The regular payments are due on the 1st day of the month.

4. All payments tendered in accordance with this Order should be sent directly to PHH MORTGAGE CORPORATION, Movant at PHH Mortgage, Attn: SBRP, P.O. Box 24781, West Palm Beach, FL 33416.

5. Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay. Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order.

Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Prince George's County, Maryland, at Liber 28423 and folio 640 and which is secured by the property of the Debtor(s) located at **1 Dell Place, Laurel, Maryland 20707.** The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6. Should there be more than two (2) defaults in payment as provided in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order. Movant may proceed with collection and/or foreclosure actions immediately.

7. This agreement shall be and become null and void on the termination of this bankruptcy proceeding. Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void. This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8. The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

SEEN AND APPROVED:

/s/ A. Wayne Hood, Esq.
A. Wayne Hood, Esq.
Attorney for Movant
Bar No. 21176
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-3361
bankruptcymd@mwc-law.com

/s/ Bennie Brooks
Bennie Brooks
Attorney for Debtor
8201 Corporate Drive
Suite 260
Landover, Maryland 20785
(301) 731-4160
bbrookslaw@aol.com

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ A. Wayne Hood, Esq.
A. Wayne Hood, Esq.

Copies to:

Francisco Chavarria
1 Dell Place
Laurel, Maryland 20707

Copies were sent electronically thru the CM/ECF system to Bennie Brooks and Timothy P. Branigan, Chapter 13 Trustee.

**End of Order**